UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELIZABETH REESE                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:06CV1059-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                        DEFENDANT
GMAC                                                   INTERESTED PARTY

## ORDER FOR NON-BINDING ARBITRATION

Pursuant to Fed. R. Civ. P. 16 and the inherent powers of this Court, it is hereby
**ORDERED** that the parties to this case, including their counsel as set forth below, shall
participate in the special non-binding arbitration program established by the Mississippi
Department of Insurance.  The rules and procedures applicable to that program in emergency
regulation No.2007-3, as amended, are incorporated by reference, to the extent they are not in
conflict with the specific provisions of this order.

At least ten days before the non-binding arbitration is scheduled by the program
administrator (American Arbitration Association), the parties shall submit to the arbitrator
designated by the program administrator a confidential memorandum, no more than three pages
in length, setting out the following information:

1.   The limits of liability under the policy or policies sued upon.
2.   The amount of damage claimed under the policy or policies, separated by damage
     to structures and damage to contents.
3.   The amount that has been offered by the insurer, if any, for the damage claimed
     under the policies, separated by the amount (if any) offered for damage to
     structures, the amount (if any) offered for damage to contents, and the amount (if
     any) offered under any other applicable coverages.
4.   The nature of the claims, defenses, and any relevant issues.

Any documentary or other material either party, through counsel, wishes the arbitrator  and
opposing party, through counsel, to take into consideration must be furnished to the arbitrator
and opposing party's counsel at least ten days before the scheduled non-binding arbitration.  This
material may be considered at the non-binding arbitration in evaluating and discussing the merits
of the claims and defenses.  This material (or a brief description or summary of it) includes
photographs, videos, appraisal reports or other evidence reflecting the values of the damaged
property (dwelling and contents) prior to Hurricane Katrina, engineering reports, itemizations,
damage estimates, or other relevant written evidence.  Subject to the other provisions of this
order, the arbitrator shall resolve disputes concerning the scope and exchange of exhibits or other
documentary material.

The arbitrator is further empowered to allow witnesses to attend the non-binding arbitration, and to hear them with respect to the claims and defenses raised by the parties.  At least ten days before the non-binding arbitration is to take place, counsel for all parties shall identify to the administrator any witness who will be called to testify or otherwise speak at the non-binding arbitration, as well as the subject matter on which they are expected to testify or otherwise speak.  The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party, during the presentation by any other witness.  The arbitrator is further authorized to excuse any witness from the non-binding arbitration once the witness's presentation is concluded.

This non-binding arbitration will be subject to Rule 408 of the Federal Rules of Evidence.  This non-binding arbitration will have a basic time limit of no more than three hours unless, in the judgment of the arbitrator, additional time is required or necessary.  Notwithstanding any other provision of this order, each party shall attend the non-binding arbitration and each party shall be represented at the non-binding arbitration by only one counsel of record.  Except as provided in this order, the attendance of any other person at the non-binding arbitration is prohibited.

This non-binding arbitration will take place in the Dan M. Russell, Jr., United States Courthouse, 2012 15th Street, Gulfport, Mississippi.  Counsel for the parties will be notified of the date of, time of, and room where the non-binding arbitration is to take place through the American Arbitration Association.  The arbitrator is hereby empowered to contact the presiding United States Magistrate Judge as to any issue that must be resolved in the course of the non-binding arbitration.

The parties are admonished to cooperate with the arbitrator in a good faith effort to resolve any disputed issues of liability and damages susceptible of resolution by agreement of the parties.  All parties and their counsel are reminded of their continuing duties and obligations after suit is filed.  *See, e. g.*, *Gregory v. Continental Insurance Co.*, 575 So. 2d 534 (Miss. 1990); Fed. R. Civ. P. 11.  *Cf. Universal Life Insurance Co. v. Veasley*, 610 So. 2d 290 (Miss. 1992).  A party's and counsel's failure to attend and participate in this non-binding arbitration, without good cause, shall result in the imposition of appropriate sanctions.

Within seven calendar days of the issuance of the Findings of the Arbitrator, all parties shall advise the Court in writing whether the findings result in a resolution of the cause of action.  If the findings are accepted and the matter is resolved, an appropriate order shall be entered.

**SO ORDERED** this the 16th day of April, 2007.

s/ <u>L. T. Senter, Jr.</u>
L. T. SENTER, JR.
SENIOR JUDGE